

## NUMBER 13-19-00298-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

BRIAN MATTHEW BENNETT,                                   **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

### On appeal from the 66th District Court
### of Hill County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Perkes

A jury convicted appellant Brian Matthew Bennett of assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). Appellant pleaded true to both felony enhancement paragraphs in the indictment and the jury assessed punishment at seventy years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.42(d).

Appellant filed a notice of appeal. Appellant's court-appointed counsel, however, filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[1]

## I.　*ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant

---

[1] This case was transferred to us from the Tenth Court of Appeals in Waco pursuant to a docket equalization order by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

of his rights to review the record, file a pro se response,[2] and seek discretionary review if this Court concludes that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that includes the Court's mailing address, instructions to file the motion within ten days, and only requires appellant's signature and the date. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19. Appellant requested and was provided pro se access to the appellate record. Appellant then filed a pro se response, alerting the Court to the issues he believes warrant an appeal.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id.* at 827.

We have conducted an independent review of the record, including appellate counsel's brief and appellant's response, and find no reversible error.[3] *See id.* at 827–28

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] Our independent review of the record revealed that appellant's trial counsel notified the trial court during a pretrial hearing that he needed to "file some competency motions." It is unclear from the record what steps, if any, were taken in this regard. "If a trial judge has a *bona fide* doubt about the competency of the defendant, he or she shall conduct an informal inquiry to determine if there is evidence that would support a finding of incompetence." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009) (interpreting TEX. CODE CRIM. PROC. ANN. art. 46B.004(b)). However, we give deference to a trial court's

("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the record presents no arguably meritorious grounds for review, and an appeal would be frivolous. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at 826–27.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant." (quoting *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.))).

We grant counsel's amended motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

decision not to conduct an inquiry and the record before us does not support a showing of defendant's incompetency. *See id.* at 426. Therefore, we conclude that no arguable grounds for appeal exist on the issue of competency. *See id.*

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4

## IV. OTHER PRO SE FILINGS

Appellant's pro se response included a "Motion for Protective Order" requesting that this Court prevent appellant from being "return[ed] to Hill County Jail for any purposes due to legal issues." Appellant has since filed a second "Motion for Protective Order" against the "Hill County Sheriff's Office," as well as several other requests for affirmative relief against other nonparties. Our jurisdiction in this proceeding is limited to reviewing appellant's criminal conviction in the trial court. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221. Accordingly, we deny both of appellant's motions and dismiss his other requests for affirmative relief without prejudice.

## V. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of February, 2020.